DOMENGEAUX, Judge.
This is a suit for damages arising out of a collision between a log truck belonging to G. D. Cook, while being driven by his employee, George Moore, and a pickup truck which was towing a boat and trailer owned by Joe and Betty Bellino, and being driven by the latter. The collision occurred on January 21, 1972, in Vernon Parish, Louisiana. G. D. Cook and his liability and collision insurer, Reliance Insurance Company, originally filed suit against the defendant Bellino couple' and their liability insurer, United States Fidelity & Guaranty Company (USF & G), for damages arising out of the collision.[1] The Bellinos and their insurer answered, denying liability, and filed a reconventional demand against Cook and his insurer for property damages sustained in the accident. Subsequent thereto Home Insurance Company, liability insurer for the Bellino boat and trailer, filed an intervention seeking, as subrogee, damages sustained to the boat and trailer in the collision.
Following a trial on the merits judgment was rendered in favor of (1) Joe and Betty Bellino in the sum of $100.00 (representing the deductible portion on their collision insurance policy), (2) USF & G for damages sustained to the pickup truck, and (3) Home Insurance Company for damages to the boat and trailer.
The plaintiffs-defendants in reconvention, Reliance Insurance Company and G. D. Cook, have appealed.
The substantial issue before us is whether the trial judge erred in his factual findings that the accident herein was caused by the exclusive negligence of Mr. Moore, the driver of the Cook log truck.
The facts leading up to this suit are as follows: On the above-mentioned date, at or about 10:00 A.M., the Cook log truck— being driven by Moore, was traveling east on Louisiana Highway 111. Highway 111, in this immediate area, is a narrow, two lane asphalt road. The defendant, Betty Bellino, in turn was driving the pickup truck, with boat and trailer in tow, traveling west on the same highway. Mr. Bellino was a passenger in the pickup truck. The accident took place at or near a narrow *222 bridge, approximately 18i/¡ feet in width. The approach to the bridge from the west is relatively straight from the crest of a hill, while the east approach is downhill, through a curve to the left. At the time of the accident the road was wet because of rain which had previously fallen. The log truck completely cleared the bridge with the collision occurring on the east side thereof. The log truck turned over and logs were strewn over the highway. The tractor portion of the log unit was in the northern ditch with the trailer across the road. The bed of the pickup truck was separated from the truck chassis in the collision and the boat trailer was carried down the road with the log truck. The Bel-lino truck came t'o rest on the northern shoulder of the road with the boat nearby.
There are two diametrically opposed versions of how the accident occurred.
The plaintiff contends that the collision took place in the proper lane of travel of the Cook truck, i. e. specifically, that Mrs. Bellino invaded his lane and that as soon as he cleared the bridge he ran off of the right (south) shoulder of the highway in an attempt to avoid the collision. The driver, George Moore, stated that he was entirely in his lane of traffic prior to reaching the bridge, as well as while on the bridge, and that he did not leave his lane until after clearing the bridge and pulling on the shoulder. He further indicated that at the time of impact his right front tire was off the highway. Moore indicated that prior to impact the Bellino unit “jackknifed” and the driver was attempting to pull the truck, boat, and trailer back into the proper lane (although such action had not been completed). Moore maintained that he only made contact with the last foot or two of the rear of the boat trailer, that he did not hit the Bellino truck, and that his left front tire blew out upon impact with the trailer, thereby causing him to lose control. Moore’s testimony was generally corroborated by Arthur J. Morrison, who allegedly witnessed the accident while driving a pulpwood truck behind the plaintiff’s log truck.
The defendants, on the.other hand, gave the following account of the accident. As Mrs. Bellino rounded the curve to the east of the bridge she stated that she saw the log truck straddling the highway (over the center line) as it entered and passed the bridge and that she took evasive action by slowing down and pulling to the right (north) shoulder of the road. She denied that she was ever in the wrong lane of travel, asserts she was almost stopped, and that -her right wheels were off the shoulder upon impact (which she contends was in the middle of her lane). Mr. Bellino corroborated his wife’s testimony. Both indicated that the point of impact was with the rear of their pickup truck by the left front of the log truck.
After- hearing the testimony introduced at trial and viewing the numerous exhibits (including a large number of photographs), the trial judge concluded that the accident occurred as alleged by the Belli-nos. He dismissed the testimony of Arthur Morrison indicating that this witness’ demeanor and testimony was not impressive and that no credence would be accorded thereto. The judge found no physical evidence to indicate the specific point of impact between the respective vehicles, but did, however, find certain evidence which contradicted the version of the accident given by George Moore.
Photographs indicate the boat was struck on its very front left end, rather than the rear as contended by Moore. Other photographs show that the Bellino pickup truck was also apparently struck. The judge further found that Moore did not drive the log truck off the south shoulder of the road immediately after he cleared the bridge, but rather some 200 to 300 feet from the center part of the bridge.
After a review of the testimony and physical evidence introduced at trial, we find no manifest error in the trial judge’s *223 factual conclusions. Further, we find no abuse of the authority granted the district judge in determining the credibility and weight to be given to the respective witnesses.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellants’ costs.

Affirmed.

. Cook’s claim was for alleged loss of earnings during the period of time required to repair Ms log truck, plus the deductible portion for which he was debited on Ms collision insurance payment, and Reliance seeks reimbursement under its subrogation rights for the sums expended by it for the repair of the Cook truck.